IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES GREGORY SEARS, # 269568,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. 3:13cv778-TMH |
| ) | (WO) |
| WILLIE THOMAS, *et al.*,  ) | |
| ) | |
| Respondents.  ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 11) in which they argue, among other things, that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate James Gregory Sears ("Sears") on October 15, 2013,[1] is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d) (setting forth one-year limitation period).

*Procedural History*

Exhibits submitted by the respondents reflect that on October 14, 2009, a Macon County jury found Sears guilty of murder in violation of § 13A-6-2, Ala. Code 1975. Resp. Ex. 1 at R. 271. On December 4, 2009, the trial court sentenced Sears to 42 years in prison. *Id*. at R. 294. On May 21, 2010, on direct appeal, Sears's conviction was affirmed by the

---

[1] Although the petition was date-stamped as received in this court on October 21, 2013, the petitioner avers that he signed it on October 15, 2013. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

Alabama Court of Criminal Appeals. Resp. Ex. 4. Sears did not file an application for rehearing in the Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court, and the Court of Criminal Appeals issued a certificate of judgment on June 9, 2010. Resp. Ex. 5.[2]

On June 8, 2011, Sears filed a Rule 32 (Ala.R.Crim.P.) petition in the trial court challenging his murder conviction and sentence; at the same time, he filed a request to proceed *in forma pauperis*. On August 23, 2011, the trial court denied Sears's *in forma pauperis* request and dismissed his Rule 32 petition. Pet. Ex. 1. On November 11, 2011, after paying the required filing fee, Sears again filed a Rule 32 petition, raising several claims of ineffective assistance of trial and appellate counsel. Resp. Ex. 6 at 47. An evidentiary hearing was held on Sears's petition, and on November 6, 2012, the trial court entered an order denying the Rule 32 petition. *Id.* at 91-96.

Sears appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals, and on June 28, 2013, the Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Resp. Ex. 10. Sears filed an application for rehearing, which was overruled on July 26, 2013. Resp. Ex. 11. Sears filed a petition for

---

[2] On or around November 15, 2010, Sears filed a § 2254 petition for habeas corpus relief with this court. Civil Action No. 3:10cv1009-ID, Doc. No. 1. He later informed the court that he wished to voluntarily dismiss his habeas petition to pursue a Rule 32 (Ala.R.Crim.P.) petition in state court. *Id.*, Doc. No. 15. This court had previously advised Sears of the dangers of voluntarily dismissal, including advising him that the pendency of the federal habeas action did not toll the one-year limitation period set forth in 28 U.S.C. § 2244(d) and that dismissal of his action without prejudice would not preclude a determination that a subsequently filed § 2254 petition was untimely. *Id.*, Doc. No. 14. On June 27, 2011, this court granted Sears's motion for voluntary dismissal of the habeas action. *Id.*, Doc. No. 16.

a writ of certiorari with the Alabama Supreme Court on August 12, 2013 (Resp. Ex. 14), and on August 20, 2013, the Alabama Supreme Court dismissed the petition as untimely filed (Resp. Ex. 15). The Alabama Court of Criminal Appeals issued a certificate of judgment dated August 14, 2013. Resp. Ex. 16. As noted above, Sears filed the instant federal habeas petition on October 15, 2013.

## *Discussion*

Title 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Sears, on direct appeal, did not seek certiorari review in the Alabama Supreme Court, his conviction became final (and the one-year limitation period in § 2244(d)(1)(A) began to run) when the Alabama Court of Criminal Appeals issued the certificate of judgment in the case, i.e., on June 9, 2010. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).

As noted, Sears filed a Rule 32 petition in the trial court on June 8, 2011. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a § 2254 petition – which by that time had run for **364 days** – was tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). The Rule 32 petition remained a "properly filed" state petition until August 23, 2011, when the trial court denied Sears's *in forma pauperis* request and dismissed the Rule 32 petition. *See Hyde v. State*, 950 So.2d 334, 353 (Ala. Crim. App. 2006). Not until November 11, 2011 – when Sears paid the required filing fee and again filed a Rule 32 petition – did Smith again have a "properly filed" petition pending in the state courts. A total of **80 days ran** between August 23, 2011, and November 11, 2011, meaning that a total of **444 days** (**364 days + 80 days**) had run on the one-year federal limitation period.

The November 11, 2011, filing of Sears's Rule 32 petition again tolled the federal limitation period under § 2244(d)(2). The limitation period remained tolled until August 14, 2013, when the Alabama Court of Criminal Appeals issued a certificate of judgment finalizing the state court proceedings on Sears's Rule 32 petition. **Sixty-two (62) days** later,

4

Sears filed the instant § 2254 petition.  By that time, the federal limitation period had run for a total of **506 days** (**444 days + 62 days**).

For the reasons discussed above, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d) expired before Sears filed the instant petition. Accordingly, it is

**ORDERED that on or before December 30, 2013,** Sears shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d).

Done this 4th day of December, 2013.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE