IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GREGORY SEARS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13cv778-TMH |
| | ) | (WO) |
| WILLIE THOMAS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 filed by James Gregory Sears ("Sears"), a state inmate, on October 15,

2013.[1]  In this petition, Sears presents claims challenging the constitutionality of his

conviction for intentional murder by the Circuit Court of Macon County, Alabama.  After

a jury trial, Sears was found guilty of intentional murder on October 14, 2009.  On

December 4, 2009, the trial court sentenced Sears to forty-two (42) years imprisonment.

The Alabama Court of Criminal Appeals affirmed his conviction on May 21, 2010.  Sears

did not file an application for rehearing in the Alabama Court of Criminal Appeals or seek

certiorari review in the Alabama Supreme Court.  Because Sears did not file a petition for

writ of certiorari to the Alabama Supreme Court, his conviction became final by operation

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Sears sworn under penalty of perjury that his petition was true and accurate on October 15, 2013. (Doc. # 1 at 16).  That is the earliest date that Sears could have presented his petition to prison officials for mailing.  Consequently, in light of the foregoing and for purposes of the proceeding herein, the court deems October 15, 2013, as the date of filing.

of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on June 9, 2011.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 11) in which they argue that Sears' petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  On December 4, 2013, the court ordered Sears to show cause why his petition should not be dismissed for his failure to file within the applicable one-year limitation period.  In response to the court's order, Sears argues that the court failed to toll the limitation period during the pendency of his prior § 22544 petition in this court and that the state infringed on his ability to properly prosecute his Rule 32 petition.  *See* Doc. # 16.  Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Sears's federal habeas petition is due to be denied as untimely.

## DISCUSSION

Sears' federal habeas petition was filed in this court on October 15, 2013, and is precluded from review because Sears filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation.  28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

---

[2]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

Sears was convicted of intentional murder in the Circuit Court of Macon County, Alabama, on October 14, 2009. He was sentenced on December 4, 2009, to forty-two (42) years imprisonment. Sears filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on May 21, 2010. *See Sears v. State*, 77 So. 3d 630 (Ala. Cr. App. 2010) (Table) (CR-09-0482). Because Sears did not file a petition for writ of certiorari to the Alabama Supreme Court, the Alabama Court of Criminal Appeals issued the certificate of judgment on June 9, 2010. Sears did not further appeal his conviction.

By operation of law, Sears' murder conviction became final, at the latest, on June 9, 2010 – the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment.[3] The one-year limitation period contained in section 2244(d)(1)(A) began to run on June 10, 2010.[4] Absent statutory or equitable tolling, the federal limitation period expired on June 10, 2011.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Sears' conviction became final in 2010, he was required to file his § 2254 petition within one year of his conviction becoming final, exclusive of the time that

---

[3] Sears' conviction became final upon the expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals – fourteen days from the issuance of the memorandum opinion. ALABAMA RULES OF APPELLATE PROCEDURE Rule 40(c).

[4] In computing the federal period of limitation, the court "exclude[s] the day of the event that triggers the period[.]" FED.R.CIV.P. 6(a)(1)(A).

**any properly** filed state post-conviction petition related to the conviction remained pending in state court.

The respondents acknowledge that Sears filed a state post-conviction petition challenging his conviction on June 8, 2011,[5] which tolled the limitation period until the appellate court issued the certificate of judgment on December 27, 2011.[6] When Sears filed his ALA.R.CR.P. Rule 32 petition, 363 days of the limitation period had expired.[7] The limitation period began to run when the Alabama Court of Criminal Appeals issued the certificate of judgment on August 14, 2013. At this time, Sears had only 2 days remaining

---

[5] The record establishes that when Sears initially submitted his Rule 32 petition to the Circuit Court of Macon County, Alabama, he also submitted a motion for leave to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* is signed and sworn to on June 8, 2010. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, the court considers June 8, 2010 as the date of filing for the Rule 32 petition as the earliest possible date for filing for the Rule 32 petition.

[6] Although Sears filed his Rule 32 petition on June 8, 2011, on August 23, 2011, the trial court denied Sears' motion to proceed *in forma pauperis* and dismissed his Rule 32 petition. On November 11, 2011, after paying the requisite filing fee, the petition was accepted and filed by the trial court. An evidentiary hearing on Sears' petition was held, and on November 6, 2012, the trial court entered an order denying the Rule 32 petition.
    Sears appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals, and on June 28, 2013, the Court of Criminal Appeals affirmed the trial court. Sears filed an application for rehearing which was overruled on July 26, 2013. Sears filed a petition for writ of certiorari with the Alabama Supreme Court on August 12, 2013. On August 20, 2013, the Alabama Supreme Court dismissed the petition as untimely filed. The Alabama Court of Criminal Appeals issued the certificate of judgment on August 14, 2013.

[7] Pursuant to FED.R.CIV.P. 6(1)(A), the limitation period "exclude[s] the day of the event that triggers the period," but the court counts "every day, including intermediate Saturdays, Sundays and legal holidays; and include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED.R.CIV.P. 6(1)(B) & (C).

in the federal limitation period to file a timely § 2254 petition in this court. Sears filed the instant federal petition for habeas corpus relief on October 15, 2013.

Even with tolling of the federal limitation period during the pendency of Sears' Rule 32 petition proceeding, the federal limitation period expired prior to Sears filing the present federal habeas petition.[8]  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Because section § 2244 (d)(1) contains a stop-start provision which requires the court to consider any time during which no state action is pending, the court concludes that Sears had 2 days remaining in the limitation period within which to file his federal habeas petition after the appellate court issued the certificate of judgment on August 14, 2013. Absent statutory or equitable tolling, the federal limitation period expired on August 16,

---

[8]  The state argues that Sears' Rule 32 petition was not "properly" filed until November 11, 2011, because the trial court dismissed his June 8, 2011 Rule 32 petition for failing to pay the filing fee. *See* 28 U.S.C. § 2244(d)(2). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'").

Sears argues that he is entitled to equitable tolling of the time between June 9, 2011 and November 11, 2011 because the state, through the trial court's clerk of the court, failed to follow the rules and regulations of ALA.R.CR.P. 32 by failing to accept the filing fee from his sister. (Doc. # 13 at 4-5). According to Sears, this failure to accept the filing fee impeded his ability to pursue his Rule 32 petition.

The court concludes that this dispute is not material because even if equitable tolling was applied from June 8, 2011 until November 11, 2011, Sears' petition is still untimely.

2013, two months before October 15, 2013, the date on which Sears filed his § 2254 petition.

Sears argues in his response that he is entitled to equitable tolling because the state somehow prevented him from timely filing his federal habeas petition. (Doc. # 13 at 4). The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also, Rich v. Dep't of Corr. State of Fla.*, 317 Fed. Appx. 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. Appx. at 882; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001). The United States Supreme Court recently confirmed the AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

6

There is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an equitable tolling of the limitation period.  Specifically, the petitioner's mere conclusory allegation that he was denied access to the courts by the state is simply insufficient to establish that an extraordinary circumstance prevented him from timely filing his habeas petition.  Moreover, the record before the court demonstrates that Sears had access to the courts while incarcerated as he prepared and filed at least three detailed *pro se* Rule 32 petitions as well as numerous motions.  Sears also prepared and filed the instant petition for habeas relief.

Sears also argues that he is entitled to equitable tolling during the period his first federal habeas corpus petition was pending in this court.  (Doc. # 13 at 5).  On November 15, 2010, Sears filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  *See Sears v. Price*, 3:10cv1009-ID (M.D. Ala. 2011).  After the state filed an answer, Sears filed a motion to stay proceedings to allow him to exhaust his state remedies.  (*Id.*, Doc. # 13).  The court specifically advised Sears of the dangers of voluntary dismissal including advising him that the pendency of his federal action did not toll the one-year limitation period.

> The court advises Petitioner that if he wishes to present claims in state court and to pursue such claims in a federal habeas petition, he may request voluntary dismissal without prejudice of the instant action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  However, **the court hereby cautions Petitioner of the potential consequences of dismissal of his action** pursuant to such a request.  Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications of writs of habeas corpus challenging state court judgments.  The one-year

> period normally runs from the date upon which the conviction became final,
> *see* § 2244(d)(1), but the time during which a "properly filed" application for
> state post-conviction or other collateral review is pending is not counted. *See*
> § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner is advised that
> the pendency of the instant federal action does not toll – and has not tolled –
> the one-year limitation period set for in 28 U.S.C. § 2244(d)(1) should
> Petitioner subsequently file another § 2254 petition after dismissal of the
> instant petition without prejudice. *See Duncan v. Walker*, 533 U.S. 167, 181
> (2001) (construing 28 U.S.C. § 2244(d)(2)). **Finally, Petitioner is advised
> that the fact a § 2254 petition is dismissed without prejudice does not
> preclude a determination that a subsequently filed § 2254 petition is
> untimely or otherwise procedurally barred**.

(*Id.*, Doc. # 14) (emphasis in original).

After being advised of the consequences and ramifications of voluntary dismissal,

on June 13, 2011, Sears filed a motion dismissal of his habeas petition. *See Id.*, Doc. # 15.

On June 27, 2011, the court granted Sears' motion to voluntarily dismiss his § 2254 habeas

petition. (*Id.*, Doc. # 16). Sears was clearly advised that the filing of his first habeas

petition did not toll the limitation period.

Moreover, the law is clear that a petition for federal habeas corpus relief "is not an

"application for State post-conviction or other collateral review" within the meaning of 28

U.S.C. § 2244(d)(2) . . . [and] therefore did not toll the limitation period during the

pendency of [Sears'] first federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181-

82 (2001).

The court concludes that Sears has failed to demonstrate the existence of

extraordinary circumstances beyond his control that prevented him from filing a timely

petition. Consequently, the court concludes that Sears is not entitled to equitable tolling of

the limitation period as he has not shown extraordinary circumstances necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on August 16, 2013, two months before Sears filed his federal habeas petition. Because Sears did not file in this court until October 15, 2013, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 10, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

9

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of January, 2014.

　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE